IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Richard A. McKnight, Jr.,<br><br>        Plaintiff,<br><br>vs.<br><br>Experian,<br><br>        Defendant. | C/A No. 3:23-2755-JFA-PJG |
| Richard A. McKnight, Jr.,<br><br>        Plaintiff,<br><br>vs.<br><br>Experian,<br><br>        Defendant. | C/A No.: 3:23-2757-JFA-PJG |
| Richard A. McKnight, Jr.,<br><br>        Plaintiff,<br><br>vs.<br><br>Experian,<br><br>        Defendant. | C/A No.: 3:23-2758-JFA-PJG |
| Richard A. McKnight, Jr.,<br><br>        Plaintiff,<br><br>vs.<br><br>Experian,<br><br>        Defendant. | C/A No.: 3:23-2760-JFA-PJG |

I.   INTRODUCTION

Plaintiff Richard K. McKnight, Jr. ("Plaintiff), a self-represented litigant filed four lawsuits in the Richland County Magistrate's Court against Defendant Experian ("Defendant"), a credit reporting agency, raising state law claims alleging inaccuracies in Plaintiff's credit report. Thereafter, Defendant removed the actions to this Court based on federal question jurisdiction, arguing Plaintiff's claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On July 7, 2023, Plaintiff filed Motions to Remand in each of the four cases to which Defendant filed a Response, and Plaintiff filed a Reply.[1] After a thorough review, the Magistrate Judge assigned to these actions[2] issued a Report and Recommendation in each case.[3] Within each Report, the Magistrate Judge opines this Court should grant Plaintiff's Motions and remand these cases to the Richland County Magistrate's Court. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.

The parties were advised of their right to object to the Reports which were entered

---

[1] (C/A No. 23-2755, ECF No. 14); (C/A No. 23-2757, ECF No. 14); (C/A No. 23-2758, ECF No. 13); (C/A No. 23-2760, ECF No. 14).
[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).
[3] (C/A No. 23-2755, ECF No. 19); (C/A No. 23-2757, ECF No. 18); (C/A No. 23-2758, ECF No. 19); (C/A No. 23-2760, ECF No. 18).

2

on the docket on August 15, 2023. The Magistrate required objections to be filed by August 29, 2023.[4] On August 28, 2023, Defendant filed a Reply to the Reports stating it did not intend on filing objections.[5] Plaintiff chose not to respond in any way. Therefore, these matters are ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[4] *Id.*
[5] (C/A No. 23-2755, ECF No. 22); (C/A No. 23-2757, ECF No. 21); (C/A No. 23-2758, ECF No. 22); (C/A No. 23-2760, ECF No. 21).

### III.    DISCUSSION

Plaintiff argues this Court lacks federal question jurisdiction over these actions because his complaints only raise state law causes of action. As the Report explains, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the Report finds Plaintiff's pleadings do not contain a source of federal question jurisdiction. Initially, in its Response to Plaintiff's Motions to Remand, Defendant argued Plaintiff's claims were preempted by federal law—the Fair Credit Reporting Act. However, Defendant has since abandoned this argument after the issuance of the Report and Recommendation wherein the Magistrate Judge explained Defendant's argument was in error. Specifically, the Magistrate Judge explained the well-pleaded complaint rule makes clear that "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 107 S.Ct. 2425, 2429 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

The only exception to this is rule is the doctrine of complete preemption. Complete preemption "converts an ordinary state common law complaint into one stating a federal claim and the federal claim is deemed to appear on the face of the complaint." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 41 ((4th Cir. 2005); *see also Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) (explaining the doctrine of complete preemption which provides that "if the subject matter of a putative state law claim has been totally subsumed by federal law—

4

such that state law cannot even treat on the subject matter—then removal is appropriate."). However, the Magistrate Judge thoroughly explained the Fair Credit Reporting Act does not completely preempt state law. *See Cochrain v. Newrez, LLC*, 2022 WL 1600536, at *3 (May 19, 2022) (collecting cases within the Fourth Circuit wherein the district court held the Fair Credit Reporting Act does not completely preempt state law). Because Plaintiff chose not to raise the Fair Credit Reporting Act in his Complaint, Defendant's reference to it in the Answer is insufficient to create a basis of federal jurisdiction in this Court. Thus, the Report finds, and this Court agrees that Plaintiff's Motions to Remand should be granted because this Court does not have jurisdiction over Plaintiff's state law claims.

### IV.     CONCLUSION

For all the above stated reasons, this Court adopts the Reports and Recommendations[6] in full and finds this Court lacks jurisdiction over Plaintiff's state law claims. Plaintiff's Motions to Remand[7] are granted and these cases (C/A No. 23-2755; C/A No. 23-2757; C/A No. 23-2758; C/A No. 23-2760) shall be remanded to the Richland County Magistrate's Court.

IT IS SO ORDERED.

September 26, 2023                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge

---

[6] (C/A No. 23-2755, ECF No. 19); (C/A No. 23-2757, ECF No. 18); (C/A No. 23-2758, ECF No. 19); (C/A No. 23-2760, ECF No. 18).
[7] (C/A No. 23-2755, ECF No. 14); (C/A No. 23-2757, ECF No. 14); (C/A No. 23-2758, ECF No. 13); (C/A No. 23-2760, ECF No. 14).